1 **JOHN K. PARK, ESQ. (SBN 175212)**
**park@parklaw.com**
2 **3255 Wilshire Blvd., Suite 1110**
**Los Angeles, California 90010**
3 **Telephone: (213) 389-3777**
4 **Facsimile: (213) 389-3377**

5
6 Attorneys for Plaintiff,
BEOM SIK KIM
7
8
                    **UNITED STATES DISTRICT COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| BEOM SIK KIM, | CASE NO.: 2:15-cv-07896 |
| Plaintiff | COMPLAINT FOR: |
| v. | |
| TILLY'S INC., a Delaware Corporation; LDLA CLOTHING LLC., a California Limited Liability Company; and DOES 1 through 10, inclusive, | COPYRIGHT INFRINGEMENT |
| | Jury Trial Demanded |
| Defendants | |

 COMES NOW, plaintiff BEOM SIK KIM ("Plaintiff") and complains of and

alleges the following:

-1-

## JURISDICTION AND VENUE

1. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq., seeking damages, attorneys' fees, injunctive relief, and other relief based upon claims related to the misappropriation of Plaintiff's intellectual property.

2. This Court has federal question jurisdiction under 28 U.S.C. §§1331, 1338(a).

3. The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. §1391(b), (c) and/or (d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

### The Plaintiff

5. Plaintiff is an individual with his principal place of business in Los Angeles, CA 90021.

## The Defendants

6. Plaintiff is informed and believes and thereon alleges that a defendant, LDLA CLOTHING LLC ("LDLA"), a California Limited Liability Company, is a business existing under the laws of the State of California with its principal place of business in Commerce, California 90040.

7. Plaintiff is informed and believes and thereon alleges that Defendant LDLA is in the business of manufacturing and/or purchasing and selling garments through various retail stores, including but not limited to the stores owned by Defendant TILLY'S INC ("TILLY'S") in Los Angeles, California.

## The Plaintiff's Copyrights

8. Plaintiff is the owner of all copyright in the design entitled "Paradise California, 4442-SP" ("Subject Design"), copyright attested by the copyright registration certificate Number Vau1-163-684, Exhibit A.

9. The Subject Design contains materials wholly original to the author and they are copyrightable subject matter under the laws of the United States.

10. Plaintiff showed Subject Design to many customers and business associates for their use of Subject Design for fee and/or imprinted the Subject

Design on garments for sale throughout the United States, specifically including but not limited to, the greater Los Angeles area.

## The Defendants' Infringing Activities

11. Plaintiff found evidence that Defendant TILLY'S has ordered, distributed and sold garments that infringe the Plaintiff's copyright. The snapshots of webpages showing an infringing garment are enclosed herein. Exhibit B.

12. Plaintiff believes and therefore alleges that the infringing garment was sold by Defendant LDLA to Defendant TILLY'S.

13. Plaintiff believes and therefore alleges that the infringing garment shows substantially similar design to the Subject Design. In fact, about the only differences between the Subject Design and the infringing design are that (1) the use of black and white on the pineapple is reversed and (2) the color used for the glasses is changed from red to pink, while showing a slightly different set of palm trees on the glasses.

14. Plaintiff has not licensed Subject Design to either Defendants TILLY'S or LDLA and Plaintiff has not sold any garments with Subject Design to either Defendants TILLY'S or LDLA.

15. Based on information and belief, Plaintiff alleges that Defendants TILLY'S and/or LDLA knowingly, willfully, and wantonly ordered, purchased,

imprinted, and manufactured infringing copies of Subject Design when Defendants TILLY'S and/or LDLA realized that the Subject Design was popular.

16.     Based on information and belief, Plaintiff alleges that Defendants TILLY'S and/or LDLA's infringement of the Plaintiff's copyrights is, if not found to be willful, then at least in gross negligence.

17.     Based on information and belief, Plaintiff alleges that the attempts by Defendants TILLY'S and/or LDLA to hide its willful nature of infringement are highlighted by using what appears to be quite similar copy of Subject Design so that no one would even suspect a copyright infringement.

## The Defendant DOES' Infringing Activities

18.     Based on information and belief, Plaintiff alleges that defendants, DOES 1 through 10, inclusive, created, assembled, distributed, manufactured and/or sold garments comprised of garments printed with the derivative work of one or more of Plaintiff's copyrighted Subject Design or that have otherwise contributed to the infringement of one or more Plaintiff's copyrighted Subject Design.  The true name and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

19. Based on information and belief, Plaintiff alleges that at all times relevant hereto, each of the Defendants, including without limitation the DOE Defendants, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of agency affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §101 ET SEQ.

(Against All Defendants and Each of Them)

20. Paragraphs 1-19 are incorporated herein by reference.

21. Based on information and belief, Plaintiff alleges that Defendants TILLY'S and LDLA had access to the Plaintiff's Subject Design, printed, made, or purchased one or more copies of the Subject Design, and then distributed and/or

sold Infringing Garments having one or more substantially similar derivative work of the Plaintiff's Subject Design.

22.     Moreover, based on information and belief, Plaintiff alleges that Defendants TILLY'S and LDLA fully knew or had a reason to know that Subject Design were Plaintiff's copyrighted property and that Defendants TILLY'S and LDLA may not reproduce, copy, distribute, or sell derivative works on Subject Design without Plaintiff's consent, as attested by the Defendants TILLY'S and/or LDLA's use of a substantially similar design which has been modified slightly from the Subject Design.

23.     Furthermore, based on information and belief, Plaintiff alleges that Defendants TILLY'S and/or LDLA fully knew or had a reason to know that purchasing, distributing and selling Infringing Garments would infringe on the Plaintiff's copyright when Defendants manufactured, caused to manufacture, order, caused to order, and/or distribute and sell the substantially similar Infringing Garments.

24.     Based on information and belief, Plaintiff alleges that by engaging in the above referenced conduct, Defendants TILLY'S and LDLA acted in willful disregard, if not willful, then in gross negligence, of laws protecting Plaintiff's copyright.

25. Based on information and belief, Plaintiff also alleges that Defendant DOES, and each of them, made one or more copies of Subject Design, and then distributed and/or sold garments with derivative copies of the Plaintiff's Subject Design.

26. Moreover, based on information and belief, Plaintiff also alleges that Defendant DOES, and each of them, fully knew or had a reason to know that Subject Design is Plaintiff's copyrighted property and that Defendant DOES may not reproduce, copy, or create derivative works on Subject Design without Plaintiff's consent.

27. Based on information and belief, Plaintiff also alleges that the attempt by Defendant DOES, and each of them, to hide its willful nature of infringement is only highlighted by making either no modifications or very little modifications to one or more parts of Subject Design to pass as the Plaintiff's goods.

28. Based on information and belief, Plaintiff alleges that by engaging in the above referenced conduct, Defendant DOES, and each of them, have acted in willful disregard of laws protecting Plaintiff's copyright.

29. Based on information and belief, Plaintiff alleges that Defendants, and each of them, if not directly liable for infringement of Plaintiff's copyright, are also liable for contributory infringement because each Defendant knew or should have known of the direct infringement and assisted or encouraged the infringement.

30.     Based on information and belief, Plaintiff alleges that Defendants, and each of them, if not directly liable for infringement of Plaintiff's copyright, are also vicariously liable for the subject infringements because each Defendant enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity.

31.     Based on information and belief, Plaintiff alleges that Defendants' acts of copyright infringement have caused Plaintiff to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of its rights.

32.     Based on information and belief, Plaintiff alleges that as a direct result of the acts of copyright infringement, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for their infringement of Plaintiff's copyrighted Subject Design.  Plaintiff is entitled to disgorgement of each Defendant's profits directly and indirectly attributable to said Defendants' infringement of Subject Design.

33.     Based on information and belief, Plaintiff alleges that, Defendant's acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, and their respective agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

2. That Plaintiff be awarded Defendants' all profits plus all losses of Plaintiff as a result of the foregoing infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

4. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

5. For pre-judgment interest as allowed by law;

6. For the costs of this action; and

7. For such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable in this action pursuant to F.R.C.P. 38.

Dated:   October 7, 2015            PARK LAW FIRM

By: _/s/John K. Park/_____
　　　John K. Park
　　　Attorneys for Plaintiff